## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATHAN M. F. CHARLES,

              Plaintiff,

              v.

UNITED STATES OF AMERICA,

              Defendant.

Civil Action No. 21-1983 (BAH)

Chief Judge Beryl A. Howell

## MEMORANDUM OPINION

Plaintiff, Nathan M. F. Charles, Esq., proceeding *pro se*, filed this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, to compel the production of records maintained by the U.S. Department of Justice ("DOJ") in connection with plaintiff's previous employment in DOJ's National Security Division ("NSD"). Compl. ¶¶ 1–2, ECF No. 1.[1] DOJ now seeks partial dismissal, under Federal Rule of Civil Procedure 12(b)(6), of plaintiff's two claims. Def.'s Partial Mot. to Dismiss ("Def.'s Mot."), ECF No. 7. Specifically, DOJ seeks "partially [to] dismiss Count One," pertaining to two subparts of plaintiff's five-part records request, and to dismiss "the entirety of Count Two." *Id.* at 1. In response to DOJ's motion to dismiss, plaintiff has moved for sanctions. Pl.'s Mot. for Sanctions ("Pl.'s Mot. Sanctions"), ECF No. 9. For the reasons set forth below, both pending motions are denied.

---

[1] The case caption names the United States as defendant, but DOJ is the sole agency from which plaintiff is "seeking access to records." Compl. ¶¶ 1, 6.

I.      BACKGROUND

Plaintiff is a "former Trial Attorney in the Counterintelligence and Export Control Section" ("CES") of the NSD at DOJ, Compl. ¶ 5, a position he held "from January 2015 to June 2020 – a little over five years."  Pl.'s Opp'n to Def.'s Partial Mot. to Dismiss ("Pl.'s Opp'n") at 1–2, ECF No. 8.  From October 2019 to March 2020, plaintiff "made at least three . . . communications . . . reporting gross mismanagement" within CES leadership that "amount[ed] to a public safety and national security threat."  Compl. ¶ 7.  Plaintiff made these communications "to progressively more senior authorities," ultimately filing "a direct complaint to the DOJ Inspector General on March 26, 2020."  *Id.*

Although these communications were allegedly protected under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), Compl. ¶ 5, plaintiff contends that his "CES managers met his protected communications with a series of unwarranted, retaliatory, and progressively severe disciplinary actions," *id.* ¶ 8.  In May 2020, based on a claim that he had "violat[ed] an instruction he had never received," *id.* ¶¶ 8–9, plaintiff was "suspended from the federal service without pay for seven days," *id.* ¶ 5.  Two days after he returned to work from the suspension, his "direct supervisor informed him that he was to be involuntarily transferred to a position he had refused during settlement negotiations and for which he was not qualified."  *Id.* ¶ 10.  "As a direct result of his manager's coercion," plaintiff thereafter "resigned from DOJ effective June 19, 2020."  *Id.* ¶ 11.

On July 30, 2020, in preparation for filing an action "before the Merit Systems Protection Board" against NSD and in the D.C. Superior Court "against his managers . . . for the intentional defamation they perpetrated against him," plaintiff submitted a request for records to Patrick Findlay, the "NSD General Counsel and Chief of NSD's FOIA Litigation Unit."  *Id.* ¶ 12; *see*

*also* Pl.'s Opp'n, Ex. 1A, July 30, 2020 Letter to NSD (the "Request"), ECF No. 8-2. [2]   The

Request took the form of a two-page letter, addressed to "The Management of the National

Security Division (NSD), United States Department of Justice" with the subject line "Next

Steps," Request at 1, that was submitted, via email, to Findlay and several other email addresses

associated with NSD.   *See* Pl.'s Opp'n, Ex. 1, Pl.'s Emails to NSD at 2, ECF No. 8-2.

The Request begins with the statement that plaintiff was "compelled to take stock of how

and why we arrived at this moment" of "heading into active litigation before the Merit Systems

Protection Board."  Request at 1.  The letter then devoted several paragraphs to critiquing the

character of NSD supervisors, *id.* at 1–2, and "highlight[ing] the incompetence and abdication of

leadership by NSD's management," *id.* at 2.  Turning to the events that led to his DOJ

resignation, plaintiff alleged that "[a]fter [his] observations about NSD's leadership failures

started gaining traction, NSD fabricated an allegation that [he] violated a set of instructions" and

eventually found him "in violation of a rule NSD had never formally adopted or published to its

workforce in any capacity – one which . . . was also in direct conflict with the professional rules

of ethics for attorneys."  *Id.*

Plaintiff concluded the Request stating that he would "file a complaint with the Merit

Systems Protection Board as soon as practicable" and requesting the following five categories of

documents: (1) "discovery of all [his] personal files on the NSD servers, both unclassified and on

the NSD-Secret network (SIPRnet)"; (2) "copies of all [his] emails from both JCON and the

NSD-Secret networks"; (3) "copies of all communications between any party regarding [his]

disciplinary action, regardless of the network upon which it was sent or its classification"; (4)

---

[2]      Plaintiff ultimately filed this suit, which was later removed to federal district court and where plaintiff's
motion for reconsideration of a court order dismissing the suit remains pending.  *See* Min. Order, *Charles v. United
States*, No. 21-cv-864 (CKK) (D.D.C. Mar. 21, 2022).

"all records the DOJ and NSD Human Resources Offices produced on [his] disciplinary action"; and (5) "any and all other documents related to this or any other disciplinary action either taken or contemplated against [him]."  *Id.*

Findlay "did not respond to the letter for several weeks," Compl. ¶ 12, prompting plaintiff to "reiterate[] his request" on August 27, 2020, *id.* ¶ 13, in an email addressed to "nsdfoia@usdoj.gov," "mrufoia.requests@usdoj.gov," and "oigfoia@usdoj.gov," copying the NSD leadership to whom he had initially sent the Request, *see* Pl.'s Emails to NSD at 1.  In this email, plaintiff stated that he had "submitted the attached request for information 27 days ago," without any response, *id.* at 1, and asked for DOJ to "provide the documents as soon as possible," *id.* at 2.  Plaintiff "expect[ed] the documents [he] requested pursuant to the Freedom of Information Act of 1967, the Privacy Act of 1974, and because [he was] currently working with the Office of Special Counsel to address NSD's gross mismanagement and prohibited and retaliatory personnel actions and need[ed] the records to show the full extent of [its] errors and omissions."  *Id.* at 1.  Findlay responded to this email "acknowledging the request and agreeing to process it."  Compl. ¶ 13.

The next month, on September 20 and 22, 2020, plaintiff twice "reiterated his request for the information," *id.* ¶¶ 14–15, and on the latter date "Findlay responded and stated he would forward [plaintiff's] email to the appropriate point of contact," whereafter "Arnetta Mallory replied with a letter acknowledging the Plaintiff's request," *id.* ¶ 15. [3]  Nine months later, on June 7, 2021, plaintiff "reiterated his request for the information" once more, *id.* ¶ 18, and then on June 10, 2021, "filed an administrative appeal on the grounds that NSD's failure to produce the

---

[3]        DOJ's website identifies Arnetta Mallory as the FOIA Initiatives Coordinator for DOJ's NSD, *see* NSD Freedom of Information Act, DEP'T OF JUSTICE (last updated March 27, 2020), https://www.justice.gov/nsd/nsd-freedom-information-act, and lists her email address as "nsdfoia@usdoj.gov," which is one of the addresses to which plaintiff sent the August 27, 2020 email attaching his original Request.

requested information within ten months of the initial request was effectively a denial of his request," *id.* ¶ 19.  DOJ's Office of Information Policy ("OIP") confirmed receipt of his appeal that same day.  *Id.*  Plaintiff requested an expedited decision on his appeal "because the request affected his due process rights" in his litigation before the Merit Systems Protection Board and his defamation suit, *id.*, but DOJ denied the expedition request in an email dated June 15, 2021, *id.* ¶ 20.

On July 15, 2021, nearly a year after he first submitted his Request, plaintiff filed the instant Complaint, due to the continued failure of DOJ and its subdivisions NSD and CES to provide "any of the records at issue."  *Id.* ¶ 21.  He alleges, in Count One, that DOJ violated the statutory requirements of FOIA by failing "to issue a final determination on, or produce records responsive to, the Plaintiff's FOIA request within the applicable time limit[]" of 30 days from receipt of the Request, *id.* ¶¶ 22–28; and, in Count Two, that DOJ failed to comply with the statutory requirements of the Privacy Act by "refus[ing] the Plaintiff access to his record and information pertaining to him which is contained in its system" for "nearly a year" and failing to "permit him upon his request to review the record and have a copy made of any portion therefrom," *id.* ¶¶ 29–33.  Plaintiff further alleges that he has "fully exhausted [his] administrative remedies" under both FOIA, *id.* ¶ 28, and the Privacy Act, *id.* ¶ 32.

DOJ has now moved for dismissal of part of Count One and Count Two entirely, on the grounds that the Request failed, in part, to "reasonably describe" the records sought under FOIA in Count One, and because plaintiff had "failed to exhaust administrative remedies with respect to his Privacy Act claim" in Count Two.  Def.'s Mot. at 1.  In addition to opposing this motion, Pl.'s Opp'n at 1, plaintiff seeks sanctions against DOJ, *see* Pl.'s Mot. Sanctions, which DOJ

opposes, Def.'s Reply Supp. Mot. to Dismiss and Opp'n Pl.'s Mot. for Sanctions ("Def.'s

Opp'n"), ECF No. 10. [4]  Both motions are now ripe for resolution. [5]

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*,

355 U.S. 41, 47 (1957)); FED. R. CIV. P. 8(a)(2).  A motion under Rule 12(b)(6) of these

procedural rules does not test a plaintiff's likelihood of success on the merits; rather it tests

whether a plaintiff properly has stated a claim.  To survive a motion to dismiss under Rule

12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face."  *Wood v. Moss*, 572 U.S. 744, 757–58 (2014) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim is facially plausible when the plaintiff

pleads factual content that is more than "'merely consistent with' a defendant's liability," and

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556–57); *see also Singletary v.*

*Howard Univ.*, 939 F.3d 287, 295 (D.C. Cir. 2019).  Although "detailed factual allegations" are

not required to withstand a Rule 12(b)(6) motion, *Twombly*, 550 U.S. at 555, "a complaint [does

not] suffice if it tenders naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S.

at 678 (internal quotations and alterations omitted), and a complaint must offer "more than labels

---

[4]      DOJ's memorandum is docketed twice, once at ECF No. 10 and once at ECF No. 11.  To simplify citation, only the memorandum docketed at ECF No. 10 is cited.

[5]      Plaintiff filed no reply in support of his motion for sanctions and the seven-day period to do so has since passed.  *See* D.D.C. LCvR 7(d) ("Within seven days after service of the memorandum in opposition the moving party may serve and file a reply memorandum.").

and conclusions" or a "formulaic recitation of the elements of a cause of action" in order "to

provide the 'grounds' of . . . 'entitle[ment] to relief,'" *Twombly*, 550 U.S. at 555 (alteration and

omission in original) (quoting *Conley*, 355 U.S. at 46–47), and "nudge[] [the] claims across the

line from conceivable to plausible," *id.* at 570; *see also Papasan v. Allain*, 478 U.S. 265, 286

(1986) (A court is "not bound to accept as true a legal conclusion couched as a factual

allegation.").  The Court "must assume all the allegations in the complaint are true (even if

doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived

from the facts alleged." *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.,* 525 F.3d 8,

17 (D.C. Cir. 2008) (citations and internal quotation marks omitted).

## III.  DISCUSSION

DOJ contends that parts of the Complaint must be dismissed, under Federal Rule of Civil

Procedure 12(b)(6), on the grounds that, in Count One, plaintiff has failed to state a claim under

FOIA with regard to subparts 4 and 5 of his Request, and, in Count Two, failed to plead

sufficient facts to establish exhaustion of his administrative remedies under the Privacy Act, as

required for this Court to exercise jurisdiction.  Def.'s Mem. Supp. Partial Mot. to Dismiss

("Def.'s Mem.") at 6–9, ECF No. 7.  For his part, plaintiff seeks sanctions against DOJ, arguing

that the agency's allegations are "absurd and contradictory to the evidence" to the point of being

"vexatious."  Pl.'s Mot. Sanctions at 2.  These motions are addressed *seriatim* below, and both

are denied.

### A.  DOJ's Partial Motion to Dismiss

DOJ argues that Count One of the Complaint should be dismissed "in part" because the

fourth and fifth subparts of the Request—which seek "all records the DOJ and NSD Human

Resources Offices produced on [plaintiff's] disciplinary action" and "any and all other

documents related to this or any other disciplinary action either taken or contemplated against

[him]," respectively, Request at 2—"fail[] to 'reasonably describe' the records sought" under FOIA. Def.'s Mot. at 1. In DOJ's view, these Request subparts are "too vague and unreasonably broad," and the fifth subpart "fails to reasonably describe the documents sought," such that plaintiff's FOIA claim in Count One should be partially dismissed. Def.'s Mem. at 1. [6] DOJ further argues that plaintiff's Privacy Act claim in Count Two should be dismissed in full, alleging that plaintiff "has not pled that he administratively exhausted his remedies" with regard to that claim. *Id.*

DOJ's asserted grounds for partial dismissal are unpersuasive. Even were subparts 4 and 5 of the Request vague to the point of being legally infirm, the record indicates no attempts by DOJ to clarify or refine the scope of the Request, as mandated by DOJ regulations and FOIA itself. *See* 5 U.S.C. § 552(a)(6)(B)(ii). [7] Moreover, plaintiff has adequately exhausted his administrative remedies to proceed with Count Two.

---

[6]     DOJ "does not seek dismissal of the first through third subparts of Plaintiff's FOIA request as identified in paragraph 2 of Plaintiff's Complaint." Def.'s Mem. at 1, n.1.

[7]     Despite DOJ's strained critique that the targeted subparts of the Request are "vague," the full context of the Request belies this characterization. As plaintiff rightly notes, the Request "regarded a specific employee who worked at the agency for less than six years" and "pertained to a unique set of events in the career of the specific employee" across a "specific period of time," all of which was established in the letter contextualizing plaintiff's enumerated records request. Pl.'s Opp'n at 3; *see also* Request at 1–2. This Request is substantially more specific than those at issue in the cases cited by DOJ, which variously lacked specific timeframes and incidents to which the requested records related, and/or provided no indication of where the records were likely to be found. *See* Def.'s Mem. at 6–8 (citing, *inter alia*, *Dale v IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) (dismissing request seeking "*any* and *all* documents, including but not limited to files, that refer or relate in any way to Billy Ray Dale" for failure to "describe the records sought with 'reasonably sufficient detail'"(emphasis in original)); *Am. Fed'n of Gov't Emps. v. Dep't of Commerce*, 632 F. Supp. 1272, 1278 (D.D.C. 1986) (finding "it would have been an improvident expenditure of agency time to have indulged" plaintiff's request for "[e]very chronological office file and correspondence file, internal and external, for every branch office, staff office, assistant division chief office, division chief office, assistant director's office, associate director's office, deputy director's office, and director's office" and "[e]very division or staff administrative office file in the [Census] Bureau which records, catalogs, or stores SF–52's or stores promotion recommendation memos, or both"); *Latham v. Dep't of Justice*, 658 F. Supp. 2d 155, 156 (D.D.C. 2009) (dismissing as vague plaintiff's request for "a complete and thorough search of your filing system under your agency's control, of any records you may have that pertain in any form or sort to myself" including "any other retrieval system that you have access to that list[s] in any form my name or reference to my name"); *Fonda v. CIA*, 434 F. Supp. 498, 501 (D.D.C. 1977) (finding agency properly narrowed scope of plaintiff's overbroad request for "[a]ll files, records, memoranda or other data or material filed under my name or obtainable by the CIA by searching through files and materials for documents which contain my name")). Indeed, the D.C.

1.        **Count One: Alleged Violations of FOIA**

As noted, DOJ argues that the fourth and fifth subparts of the Request are "too vague and

overbroad" and "infirm as a matter of law," and that the fifth subpart fails to "reasonably

describe the records sought," Def.'s Mem. at 3, such that plaintiff has "failed to state a FOIA

claim," *id.* (citing *Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020); *Cause of

Action Inst. v. IRS*, 390 F. Supp. 3d 84, 92 (D.D.C. 2019)).  Plaintiff objects that DOJ has

"blatantly truncated an[d] omitted significant portions of [his] original FOIA and Privacy Act

requests," which were "not just a list of items the Plaintiff was seeking," but instead "included a

rather lengthy discussion of the events that led to the request and the reasons the Plaintiff was

requesting the information," such that, in context, "there could have been no doubt what

information the Plaintiff was seeking," or any reason to find the Request vague.  Pl.'s Opp'n at

2–3.  Plaintiff has the far better argument.

FOIA requires agencies to develop "methods whereby[] the public may obtain

information, make submittals or requests, or obtain decisions" under the statute and publish these

procedures in the Federal Register "for the guidance of the public."  5 U.S.C. § 552(a)(1)(A); *see

also* 28 C.F.R. § 16.1, *et seq.*  DOJ's system for responding to FOIA requests is "decentralized,"

with individual components "designating a FOIA office to process records from that

component," to which "a requester [may] write directly" to request records maintained by the

DOJ component.  28 C.F.R. § 16.3(a)(1). [8]  DOJ FOIA regulations further explain that a

---

Circuit has upheld far broader requests than the Request at issue here for employment and termination related
records.  *See, e.g., Founding Church of Scientology of Wash. v. Nat'l Sec. Agency*, 610 F.2d 824, 825 (D.C. Cir.
1979) (affirming FOIA request seeking "all records maintained by the Agency on appellant and the philosophy it
espouses, as well as records reflecting dissemination of information about appellant to domestic agencies or foreign
governments," as well as all documents containing "references touching on L. Ron Hubbard").  This proffered
ground for dismissal, without any conferral with plaintiff, appears designed only to delay addressing the Request on
the merits.

[8]        Appendix 1 to the DOJ FOIA regulations specifies that FOIA requests for records held by NSD should be
directed to the "FOIA Initiatives Coordinator," 28 C.F.R. Pt. 16, App. I, who is Arnetta Mallory.  *See* note 3 *supra*.

requester "must describe the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort."  *Id.* § 16.3(b).  If, however, the DOJ component "receiv[es] a request" that it "determines . . . does not reasonably describe the records sought, the component *shall* inform the requester what additional information is needed or why the request is otherwise insufficient," allowing the requester "to reformulate or modify such a request" in dialogue "with the component's designated FOIA contact, its FOIA Public Liaison," or an OIP representative.  *Id.* (emphasis added).

This DOJ regulation creates a "duty to confer" with a requester where confusion exists as to "what types of records or information" are sought.  *Tokar v. Dep't of Justice*, 304 F. Supp. 3d 81, 92 (D.D.C. 2018); *see also Ruotolo v. Dep't of Justice*, 53 F. 3d 4, 10 (2d Cir. 1995) ("It was, in fact, the duty of the Tax Division to assist the Ruotolos in reformulating their request if it was thought that the request needed to be narrowed." (citing 28 C.F.R. § 16.3(b))); *New Orleans Workers' Ctr. for Racial Justice v. U.S. Immigration & Customs Enf't*, 373 F. Supp. 3d 16, 33 (D.D.C. 2019) ("[A]s the plaintiffs correctly note, the defendant failed to timely notify them of any perceived deficiencies in their Request in violation of the defendant's own FOIA regulations in effect at the time." (citing U.S. Department of Homeland Security parallel to 28 C.F.R. § 16.3(b), other internal citations omitted)); *Immigrant Def. Project v. U.S. Immigration & Customs Enf't*, 208 F. Supp. 3d 520, 532 (S.D.N.Y. 2016) ("Narrowing a FOIA request to assist Plaintiffs in obtaining responsive records is part of an agency's obligation to assist the requester." (internal alterations omitted)); *Seife v. Dep't of State*, 298 F. Supp. 3d 592, 611 (S.D.N.Y. 2018) ("[T]o the extent that the State Department determined that the request did not reasonably describe the records being sought, it was under the obligation to engage in a dialogue with Mr. Seife to more appropriately tailor the request." (citing *Ruotolo*, 53 F.3d at 10)).

"DOJ's own FOIA regulations prevent it from denying a request simply because it is unclear." *Parker v. Exec. Off. for U.S. Att'ys*, 852 F. Supp. 2d 1, 14 (D.D.C. 2012).  Thus, where the DOJ component fails to confer with a requester regarding a confusing request, in violation of 28 C.F.R. § 16.3(b), courts have been disinclined to side with the agency on a claim that the request is unclear or overly broad.  *See Pinson v. Dep't of Justice*, 61 F. Supp. 3d 164, 180 (D.D.C. 2015) (denying in part defendant's motion for summary judgment where defendant had "never asked Mr. Pinson to clarify his request . . . despite the fact that DOJ FOIA regulations require agencies to contact requesters if their requests do 'not reasonably describe records'" (quoting 28 C.F.R. § 16.3(b))); *Parker*, 852 F. Supp. 2d at 14 (denying summary judgment where defendant "did not comply" with its obligation to "inform the requester why the request was unclear and allow the requester to modify their request" and remanding for DOJ to "locate any responsive records . . . and [] disclose them" (citing 28 C.F.R. § 16.3(b))); *New Orleans Workers' Ctr. for Racial Justice*, 373 F. Supp. 3d at 33–34 (denying summary judgment to defendant where "defendant did not notify the plaintiffs at any point prior to the filing of [the] action that it believed the Request failed to reasonably describe the records sought or give the plaintiffs an opportunity to address such perceived failures," and the court was "unable to locate any evidence in the record demonstrating the defendant provided such notice and opportunity at any point prior to filing its motion for summary judgment").

Here, regardless of the explanation needed by DOJ to clarify subparts four and five of the Request, DOJ apparently, based on the record before the Court, made no effort to confer with plaintiff to resolve any issues at any point prior to filing its motion to dismiss, in violation of its duty to confer outlined in its own FOIA regulations.  Plaintiff alleges that, on September 22, 2020, his Request was forwarded to Mallory, who, as discussed at note 8 *supra*, is "the

appropriate point of contact" for FOIA requests directed at NSD, and that she "replied with a letter acknowledging the Plaintiff's request."  Compl. ¶ 15.  He further alleges that nine months later, on June 10, 2021, he "filed an administrative appeal on the grounds that NSD's failure to produce the requested information within ten months of the initial request was effectively a denial of his request," to which appeal "Priscilla Jones of the DOJ [OIP] replied with a letter confirming [receipt]" that same day.  *Id.* ¶ 19.  Plaintiff alleges in his motion for sanctions that "[a]t no point during any of the voluminous correspondence between the Plaintiff and NSD regarding the FOIA request did NSD complain about its clarity," Pl.'s Mot. Sanctions at 2, and indeed, the record contains no indication that DOJ followed up with plaintiff at any point to confer regarding the scope of his Request.  DOJ does not contest this timeline of events.  *See* Def.'s Mem. at 1–2.  In short, nothing in this record reflects that DOJ fulfilled its duty to confer.

Set against this record of failure to confer,  DOJ nonetheless laments that the Request "remains too vague, unreasonably overbroad, and fails to describe the records it seeks," because "Plaintiff does not explain" how his fourth and fifth requests "should be interpreted," doubling down on this critique by pointing out that, in his opposition, plaintiff made no "attempt to clarify his request or identify how the Department should have interpreted it."  Def.'s Opp'n at 3–4.  Yet, the duty to "attempt to clarify" a request is assigned to DOJ, not plaintiff, under the agency's own regulations, which recognize that direct communication between the parties, rather than indirect negotiation in the pages of court filings, is a more efficient path to clarifying the scope of the Request.  While DOJ professes confusion about what portion of the Request constitutes the "request" itself—whether it is limited to the five categories of records cited in the Complaint, Def.'s Opp'n at 2, or includes the two-page "discussion of the events that led to the request and the reasons the Plaintiff was requesting the information," Pl.'s Opp'n at 2–3—DOJ

does not contest that plaintiff submitted *some* request for records, as he is legally entitled to do under FOIA, *see generally* Def.'s Opp'n at 2–4.  Therefore, DOJ had a consequential duty to confer with plaintiff over any confusion and concerns regarding his Request.

Should plaintiff refuse to refine or clarify his Request, DOJ may seek relief at a later stage of the case on the grounds that plaintiff's Request "remains too vague, unreasonably overbroad, and fails to describe the records it seeks," *id.* at 3, despite good-faith efforts by DOJ to clarify.  *See Pinson v. Dep't of Justice*, 245 F. Supp. 3d 225, 245 (D.D.C. 2017) ("Because [plaintiff] did not respond to BOP's request to clarify and the language of the [FOIA] request is broad and sweeping, the Court will grant summary judgment for the DOJ."); *Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002) (finding complaint was "fairly subject to dismissal" under FED. R. CIV. P. 12(b)(1) where plaintiff "never undertook to correct" the request's failure "to comply with the requirements of FOIA and applicable IRS regulations . . . despite repeated IRS requests to do so").  Demanding judicial intervention now is premature when DOJ has undertaken *zero* effort to discuss, let alone resolve, any of its purported confusion, particularly given the legal expertise of the respective parties in this lawsuit.  The parties are capable—and indeed instructed—to confer in an effort to resolve any such confusion.  *See Yagman v. Pompeo*, 868 F.3d 1075, 1084 (9th Cir. 2017) ("Providing the CIA another opportunity to assist in developing a more descriptive request is not only appropriate, but also warranted," given that "Defendants did contact Yagman to 'discuss' his request three months *after* he filed this lawsuit, [but] his request had already been twice rejected with no offer to 'work with, and offer suggestions to, the potential requester in order to define a request properly.'" (quoting CIA equivalent to 28 C.F.R. § 16.3(b))); Freedom of Information Act Guidelines, Att'y Gen. Mem. at 1, 3 (Mar. 15, 2022) ("strongly encourag[ing]" agencies "to make discretionary disclosures of information where

appropriate" and "work with FOIA requesters in a spirit of cooperation" and stating that "[i]n

case of doubt, openness should prevail").  DOJ's partial motion to dismiss Count One with

respect to the fourth and fifth subparts of plaintiff's FOIA Request is therefore denied.

### 2.      Count Two: Alleged Violations of the Privacy Act

The Complaint alleges, in Count Two, that "[f]or nearly a year, DOJ has refused the

Plaintiff access to his record and information pertaining to him which is contained in its system"

and has not "permit[ted] him upon his request to review the record and have a copy made of any

portion thereof in any form," Compl. ¶ 31, and, further, that "Plaintiff has exhausted all available

administrative remedies" for this alleged Privacy Act violation, *id*. ¶ 32.  Notwithstanding

plaintiff's express allegation that administrative remedies have been properly exhausted for this

claim, DOJ moves to dismiss Count Two, in full, for failure to exhaust administrative remedies.

Def.'s Mem. at 8–9 (citing 5 U.S.C. §§ 552a(g)(1); 552a(d)(1)).

The law is well-settled that a plaintiff alleging a violation of the Privacy Act's access-to-

records provision, under 5 U.S.C. § 552a(d)(1), is required to exhaust administrative remedies

prior to filing a civil action.  *See Rossmann v. SSA*, No. 20-5296, 2021 U.S. App. LEXIS 3870, at

*1-*2 (D.C. Cir. Feb. 10, 2021) (noting exhaustion of administrative remedies is "required by the

Privacy Act, 5 U.S.C. § 552a(d)(1) & (g)(1)(B)"); *Dickson v. OPM*, 828 F.2d 32, 40 (D.C. Cir.

1987) (determining that an appellant who failed to exhaust administrative remedies under the

Privacy Act was therefore "barred" from seeking judicial review); *Haase v. Sessions*, 893 F.2d

370, 373 (D.C. Cir. 1990).  Administrative exhaustion under the Privacy Act "is a jurisdictional

threshold to challenging an agency determination."  *Kearns v. FAA*, 312 F. Supp. 3d 97, 107

(D.D.C. 2018).  In assessing whether subject matter jurisdiction may be exercised, a court may

consider documents outside the pleadings.  *See Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d

1249, 1253 (D.C. Cir. 2005).

DOJ alleges that plaintiff failed "to plead facts that plausibly suggest that he submitted a proper Privacy Act request to the Department," because he did not "allege compliance with 28 [C.F.R.] § 16.41(b)" and "failed to exhaust his administrative remedies under the Privacy Act." Def.'s Mem. at 9.  Contrary to DOJ's assertions, plaintiff has pleaded sufficient facts to state a claim for relief under the Privacy Act.

DOJ regulations provide that requests for records made under the Privacy Act must be directed to the "Privacy Act office" within "the Department component that maintains the record," 28 C.F.R. § 16.41(a), which, for NSD, is the same "FOIA Initiatives Coordinator" to whom FOIA requests are directed.  *Id.* Pt. 16, App. I; *see also* note 3, *supra.*  The requester must further "describe the records" sought "in enough detail to enable Department personnel to locate the system of records containing them with a reasonable amount of effort," including, where possible, a description of "the time periods in which [the requester] believe[s] they were compiled, and the name or identifying number of each system of records" in which they are believed to be kept.  *Id.* § 16.41(b).  If a requester seeks records about themselves, they must submit an identity verification form.  *Id.* § 16.41(d).  The regulations encourage the requester to "mark both [the] request letter and the envelope 'Privacy Act Request,'" in order for "the quickest possible handling," *id*. § 16.41(a), but do not indicate that the request is automatically denied if it does not cite the Privacy Act explicitly.  Appeals of Privacy Act denials must be directed to DOJ's OIP "within 60 days of the date of the letter denying [the] request."  *Id.* § 16.45(a).  Finally, DOJ regulations state that all Privacy Act requests for access to records are "additional[ly]" processed under FOIA, "which gives requests the benefits of both statutes."  *Id.* § 16.40(a).

Based on the information contained in his Complaint, plaintiff has sufficiently alleged and appears to have exhausted his administrative remedies under the Privacy Act and implementing DOJ regulations.  Specifically, he alleges that, by September 22, 2020, the Request was before Mallory, Compl. ¶ 15, who, according to DOJ's regulations and website, is the point person for all FOIA and Privacy Act requests made to NSD.  *See* 28 C.F.R. § 16.41(a); *id.* Pt. 16, App. I; *see also* note 3 *supra*.  By June 2021, having still not received any substantive response, beyond the initial message from Mallory confirming receipt, plaintiff filed an administrative appeal to DOJ's OIP, the appropriate entity to handle Privacy Act denials, which was received the same day.  Compl. ¶¶ 15, 19; *see also* 28 C.F.R. § 16.45(a). [9]  OIP never issued a decision on the appeal, and the only response plaintiff apparently received was a denial, on June 15, 2021, of his request for expedited processing.  Compl. ¶ 20.

DOJ asserts that these allegations are insufficient to establish exhaustion because plaintiff "does not even allege compliance with 28 [C.F.R.] § 16.41(b)."  Def.'s Mem. at 9.  To the contrary, plaintiff's allegation that he "exhausted all available administrative remedies," Compl. ¶ 32, the chronology of his requests and appeals, *id.* ¶¶ 12–21, and the description of the information he sought, *id.* ¶ 2, suffice to state a claim for purposes of Rule 12(b)(6), and "allow[] the court to draw the reasonable inference that [DOJ] is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. [10]

---

[9]     Although plaintiff waited nearly ten months to appeal, far surpassing the 60 day deadline established in the Privacy Act regulations, *see* 28 C.F.R. § 16.45(a), plaintiff was appealing a *de facto* denial, based on the lack of any response over a significant period of time, rather than receipt of a denial letter, which would have started the 60-day clock.

[10]    DOJ also makes the conclusory assertion that Count Two should be dismissed in full because plaintiff failed to "allege that he 'described the records sought, the time periods in which the requester believes they were compiled, and the name or identifying number of each system' . . . in sufficient detail for DOJ personnel to locate the records."  Def.'s Mem. at 9 (quoting, with alterations, 28 C.F.R. § 16.41(b)).  This assertion is difficult to reconcile with DOJ's concession that the first three subparts of the Request provide a legally sufficient description under FOIA, *see id.* at 1, n. 1, but apparently not under the Privacy Act.  *See Ellis v. Dep't of Justice*, 110 F. Supp. 3d 99, 107 (D.D.C. 2015) (holding that a Privacy Act search "would be coextensive with the search . . . carried out

Furthermore, other evidence in the record supports the conclusion that plaintiff

adequately exhausted his administrative remedies before the agency.  Since "exhaustion under

the Privacy Act is jurisdictional," and thus failure to exhaust is grounds for dismissal, "the Court

may consider materials outside the pleadings in addressing this claim without converting the

motion into one for summary judgment."  *Ball v. U.S. Marshal Service*, No. 19-cv-1230 (JEB),

2020 U.S. Dist. LEXIS 39225, at *5 (D.D.C. Mar. 6, 2020).  The correspondence plaintiff

includes as exhibits to his opposition to the partial motion to dismiss shed further light on his

Privacy Act claim, and bolster his assertion that he "exhausted all available administrative

remedies" under the Privacy Act.  Compl. ¶ 32.  Notably, plaintiff's August 27, 2020 email,

which was sent to, *inter alia*, Findlay and an email address associated with Mallory, *see* Pl.'s

Emails to NSD at 1; note 3 *supra*, specifically states that the Request is made "pursuant to the

Freedom of Information Act of 1967 [and] the Privacy Act of 1974," Pl.'s Emails to NSD at 1,

rebutting the government's argument that "[n]othing in Plaintiff's FOIA Request suggests that he

made the request pursuant to the Privacy Act," Def.'s Mem. at 9.  Furthermore, the "original

requests" included a DOJ Certification of Identity form, filled out by plaintiff, the purpose of

which is to collect "personal data sufficient to identify the individuals submitting requests . . .

under the Privacy Act of 1974."  *See* Pl.'s Opp'n, Ex. 1B, Certification of Identity at 8, ECF No.

---

in responding to [plaintiff's] FOIA request" because "the D.C. Circuit has held that the adequacy of the search for both FOIA and Privacy Act requests is analyzed under the same standard" (citing *Chambers v. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009)).  With regard to the final two subparts of plaintiff's Request, "applying the duty to liberally construe records requests," *Yagman v. Pompeo*, 868 F.3d 1075, 1080 (9th Cir. 2017), the two page letter contextualizing Plaintiff's request is sufficient to clarify the general time frame when the records would have been compiled, as well as point to the "system[s] of records" where Department personnel would be most likely to locate any responsive documents.  *See LaCedra v. Exec. Office for U.S. Att'ys*, 317 F.3d 345, 348 (D.C. Cir. 2003) (finding plaintiff's request for records, although "not a model of clarity," was "reasonably susceptible to [a] broader reading" than agency's interpretation, especially "[i]n view of the Government's obligation . . . 'to construe a FOIA request liberally'" (quoting *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995))).  Although the Privacy Act implementing regulations do not impose the same duty to confer as do the FOIA regulations, DOJ is certainly not prevented from attempting to clarify the scope of plaintiff's Request, especially when requests are brought under both statutes in tandem.

8-2 (citing 28 C.F.R. § 16.41(d)).  Given that plaintiff's August 27, 2020 email, submitted to both Findlay and the Privacy Act coordinator, explicitly stated that the Request was made pursuant to the Privacy Act *and* included the requisite "verification of identity" form invoking the Privacy Act, DOJ was sufficiently on notice that plaintiff's Request should be processed under both statutes, and was on administrative appeal pursuant to both statutes and their implementing regulations.  Thus, plaintiff has pleaded adequate facts to support the allegation that his Request was properly submitted under the Privacy Act and that he exhausted all administrative remedies, as required under DOJ regulations. [11]  DOJ's partial motion to dismiss is therefore denied with respect to Count Two. [12]

### B.    Plaintiff's Motion for Sanctions

Plaintiff seeks sanctions, under Federal Rule of Civil Procedure 11, alleging that DOJ's partial motion to dismiss the Complaint includes "allegations [that] are misleading and materially false," Pl.'s Mot. Sanctions at 1, and "so absurd and contradictory to the evidence" that they "force[] the supposition" that they were "intended to be vexatious," *id.* at 2.  As a remedy, plaintiff seeks an order declaring that DOJ violated Rule 11 and directing DOJ "to either withdraw or amend its Motion to Dismiss" and pay plaintiff, who is proceeding *pro se*, "the costs of this litigation up to, and including, the date of the Order."  *Id.* at 3.  DOJ, in turn, argues that plaintiff's motion "is procedurally improper," due to plaintiff's failure to comply with Fed. R.

---

[11]    To bolster its argument that plaintiff has not adequately pleaded a Privacy Act claim, DOJ emphasizes that plaintiff made his five-part request for records "without any reference to the Privacy Act."  Def.'s Opp'n at 4 (emphasis omitted) (citing Compl. ¶¶ 2, 12).  To be sure, the initial Request does not expressly reference either the Privacy Act or FOIA, but DOJ offers no explanation for why it was able to infer that this request for plaintiff's own employment records should be processed under FOIA but not under the Privacy Act, which governs individuals' access to government records concerning themselves.

[12]    Plaintiff contends that when "an agency fails to satisfy its statutory requirements for an egregious period, the requirements for exhaustion of administrative remedies are waived" as a matter of law under both FOIA and the Privacy Act, Pl.'s Opp'n at 4–5 (citing *Acosta v. FBI*, 946 F. Supp. 2d 47, 51 (D.D.C. 2013)), but this argument need not be reached since DOJ's motion to dismiss is denied on alternative grounds.

Civ. P. 11 and D.D.C. LCvR 7(m), and "bereft of merit."  Def.'s Opp'n at 6.  For the reasons discussed below, plaintiff's motion for sanctions is denied.

First, as DOJ rightly notes, plaintiff's motion is not properly before the Court.  Federal Rule of Civil Procedure 11 provides a "safe harbor" by requiring that, before a motion for sanctions is "filed or . . . presented to the court," the opposing party must be given an opportunity to withdraw or appropriately correct "the challenged paper, claim, defense, contention, or denial."  FED. R. CIV. P. 11(c)(2).  Relatedly, a local rule mandates that "[b]efore filing any nondispositive motion in a civil action," counsel, or a non-incarcerated *pro se* party, "shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement."  D.D.C. LCvR 7(m).  Here, DOJ filed the "challenged paper," its partial motion to dismiss, on September 23, 2021, and plaintiff moved for sanctions four days later, on September 27, 2021.  Plaintiff states that he gave DOJ "a chance to correct its error" in its partial motion to dismiss the Complaint, Pl.'s Mot. Sanctions at 3, and attaches as an exhibit to the motion a chain of email correspondence between plaintiff and opposing counsel regarding plaintiff's objections to this motion.  *See* Pl.'s Mot. Sanctions, Ex. 1, Emails to U.S. Att'y's Office, ECF No. 9-2.

Plaintiff's efforts, however, are insufficient to comply with the safe harbor provision of Fed. R. Civ. P. 11(c)(2) and the duty to confer under D.D.C LCvR 7(m).  Neither the motion for sanctions, nor plaintiff's email correspondence with opposing counsel, indicates that plaintiff ever served DOJ with a copy of the motion for sanctions prior to filing it on the docket or attempted to narrow the areas of disagreement.  Plaintiff does not appear to have even notified opposing counsel of his immediate intention to move for sanctions.  While plaintiff's threat that "[i]f – at any point in the rest of this litigation – you misconstrue the facts the way that you did in

your Partial Motion to Dismiss, I will not hesitate to file a motion for sanctions under Rule 11," Emails to U.S. Att'y's Office at 4, indicates that he was obviously contemplating this action, plaintiff's communications provided DOJ with no notice that plaintiff would be filing such a motion only three days later, without DOJ taking any intervening action.  Moreover, even if plaintiff had served DOJ with the motion for sanctions in advance, plaintiff did not wait the requisite 21 days after such service before filing the motion on the docket to give DOJ time to "withdraw[] or appropriately correct[]" the contested filing.  *See* FED. R. CIV. P. 11(c)(2).  Thus, plaintiff failed to comply with the procedural prerequisites under Rule 11(c)'s safe harbor provision or D.D.C. LCvR 7(m)'s duty to confer.  Courts "cannot consider the substantive aspects of the motion until this procedural rule has been satisfied," *Swanson v. Howard Univ.*, 249 F. Supp. 3d 259, 266 (D.D.C. 2017) (citing *Henock v. Chase Home Fin., LLC,* 925 F. Supp. 2d 100, 104 (D.D.C. 2013), and, therefore, plaintiff's motion for sanctions is denied.

In any event, DOJ's conduct does not rise to the level of sanctionable behavior.  The Federal Rules require that when an attorney "present[s] to the court a pleading, written motion, or other paper," such a representation may not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," FED. R. CIV. P. 11(b)(1), and the "claims, defenses, and other legal contentions" included in the motion must be "warranted . . . by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," *id.* 11(b)(2).  The test for sanctions under Rule 11 "is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim.  The Court must also take into consideration . . . what effect, if any, the alleged violations may have had on judicial proceedings." *Hickey v. Scott*, 738 F. Supp. 2d 55, 72 (D.D.C. 2010) (quoting *Scruggs v. Getinge USA, Inc.*, 258 F.R.D. 177, 180–81

(D.D.C. 2009)); *see also Hourani v. Mirtchev*, 796 F.3d 1, 17 (D.C. Cir. 2015). Rule 11

sanctions "are an extreme punishment for filing pleadings that frustrate judicial proceedings" and

are "not impose[d] . . . lightly," *Jordan v. Dep't of Labor*, 273 F. Supp. 3d 214, 241 (D.D.C.

2017), but instead are "intended for those who frustrate judicial proceedings," *Cauderlier &*

*Assocs., Inc. v. Zambrana*, 463 F. Supp. 2d 63, 64 (D.D.C. 2006), or file pleadings "to harass

another party," *United States v. Sum of $70,990,605*, No. 12-cv-1905 (RDM), 2018 U.S. Dist.

LEXIS 164568, at *15 (D.D.C. Sept. 25, 2018).

     Contrary to plaintiff's contentions, the partial motion to dismiss does not "material[ly]

misrepresent[] the nature of his FOIA request," nor does this motion appear to have been

improperly filed or intended to harass him. Pl.'s Mot. Sanctions at 3. DOJ's characterization of

plaintiff's request as having "five subparts," Def.'s Mem. at 1, which plaintiff asserts is

"misleading and materially false," Pl.'s Mot. Sanctions at 1, is a reasonable interpretation of the

Complaint. *See* Compl. ¶ 2 (enumerating five categories of "information the Plaintiff seeks,"

which closely track the final paragraph of his initial request for documents, *see* Request at 2).

Even if inaccurate, DOJ's interpretation of plaintiff's Request as confined to the five categories

of documents articulated in the Complaint is plausible based on the face of that document, and

offers no reason to believe it was "presented for any improper purpose." FED. R. CIV. P.

11(b)(1).

     Furthermore, plaintiff suggests that DOJ's characterization of two subparts of the Request

as prohibitively vague, *see* Def.'s Mem. at 6–7, is "absurd as a matter of law" and "intended to

be vexatious" because "[a]t no point during any of the voluminous correspondence between the

Plaintiff and NSD regarding the FOIA request did NSD complain about its clarity" such that "[i]t

is simply impossible that NSD was unclear on the information the Plaintiff sought," Pl.'s Mot.

Sanctions at 2.  Though DOJ's vagueness argument has been rejected, *see* notes 7 and 10, *supra*, and the Court agrees that DOJ should have raised any concern about the clarity of the Request before filing a motion to dismiss, to comply with its own FOIA implementation regulations, *see* Section III.A.1. *supra*, the arguments presented were not frivolous and had some grounding in caselaw, *see* Def.'s Mem. at 6–7 (relying on *Marks v. United States*, 578 F.2d 261, 262–63 (9th Cir. 1978); *Am. Fed'n of Gov't Emps. v. Dep't of Commerce*, 632 F. Supp. 1272, 1278 (D.D.C. 1986)).  As another court has observed, "[s]anctions are not warranted merely because claims are weak" or "ineptly or confusingly presented," and "to grant sanctions on this basis risks chilling legitimate advocacy."  *Dirauf v. Berger*, 506 F. Supp. 3d 254, 269 (D.N.J. 2020) (quoting *Cresci v. Gyess*, No. 17-cv-2342 (KM) (MAH), 2019 U.S. Dist. LEXIS 60764, at *11 (D.N.J. Apr. 8, 2019)).

Simply put, plaintiff's assertions that DOJ's "allegations are not supported by the evidence; its legal arguments are patently frivolous in light of evidence at the fingertips of its attorneys; and therefore it is safe to conclude that the Motion was presented for any number of improper purposes, including, but not limited to harassment, causing unnecessary delay, and needlessly increasing the cost of litigation to a *pro se* attorney litigant," Pl.'s Mot. Sanctions at 3, are not sustained on this record.  Plaintiff's motion for sanctions is therefore denied.

## IV.   CONCLUSION

For the reasons set forth above, both DOJ's partial motion to dismiss and plaintiff's motion for sanctions are denied.  An Order consistent with this Memorandum Opinion will be entered contemporaneously.

Date: March 30, 2022

_____
BERYL A. HOWELL
CHIEF JUDGE